IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANNABELLA BERGERON,<br><br>　　Plaintiff,<br><br>v.<br><br>COMPASSIONATE CARE AT HOME LLC and CLARISSE KEHOU,<br><br>　　Defendants. | Civil Action No.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Annabella Bergeron ("Plaintiff") brings this action against Defendants Compassionate Care at Home LLC ("Compassionate Care") and Clarisse Kehou (collectively with Compassionate Care, "Defendants"). Plaintiff alleges that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") by failing to pay her overtime wages at a rate of one-and-one-half her regular rate of pay for all hours worked in excess of forty (40) per week. Plaintiff seeks all unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

1

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

2. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.1 because a substantial part of the events and omissions giving rise to this Complaint occurred within the Atlanta Division of the Northern District of Georgia, where Compassionate Care has its principal office and where Defendants employed Plaintiff throughout the relevant time period.

## PARTIES

3. Plaintiff was employed by Defendants as a Personal Care Assistant from on or about October 19, 2020, until approximately September 14, 2022.

4. Plaintiff was Defendants' "employee" within the meaning of the FLSA at all times relevant to this Complaint.

5. At all relevant times, Defendants employed Plaintiff in domestic service, as defined in 29 U.S.C. § 207(l).

6. At all relevant times, Defendants were third-party employers within the meaning of 29 C.F.R. § 552.109.

7. Compassionate Care is a Georgia limited-liability company that is licensed to conduct business in Georgia and regularly transacts business within the Northern District of Georgia. Compassionate Care may be served with process via its registered agent, Nadine Robinson, at 2003 Marsh Trail Circle NE, Atlanta, Georgia 30328.

8. Compassionate Care was Plaintiff's "employer" under the FLSA at all times relevant to this Complaint.

9. At all relevant times, Compassionate Care has been, and continues to be, an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A) because it "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and, upon information and belief, had gross annual revenues in excess of $500,000.00 at all relevant times.

10. On information and belief, Defendant Kehou is the owner of Compassionate Care. On further information and belief, Ms. Kehou is a Georgia resident. Ms. Kehou regularly conducts business in the Northern District of Georgia.

11. At all relevant times, because Defendant Kehou asserted control over Compassionate Care's day-to-day operations, had ultimate responsibility for the

supervision of Plaintiff, and made the decision not to pay Plaintiff overtime wages as required by the FLSA, she is an "employer" within the meaning of the FLSA.

12. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

## STATEMENT OF FACTS

13. Defendants are in the business of providing in-home non-medical care for patients, including personal care, respite care, homemaking, and transportation and escort services.

14. During the relevant time period, Defendants employed Plaintiff as a Personal Care Assistant. Throughout her employment with Defendants, Defendants misclassified Plaintiff as a 1099 independent contractor.

15. Defendants assigned the clients that Plaintiff would assist. Plaintiff's duties as a Personal Care Assistant included, *inter alia*, assisting her assigned clients with, among other things, personal care, daily tasks and activities, transportation, meal preparation, and housekeeping.

16. Throughout the relevant time period, Defendants paid Plaintiff a flat hourly rate for all time worked, regardless of the number of hours worked in excess of 40 hours per week.

17. Specifically, from on or about October 19, 2020, until approximately February 2022, Plaintiff's flat hourly rate was $12.00. From February 2022 until on or about September 5, 2022, Plaintiff's flat hourly rate was $15.00. From September 5, 2022, through the end of her employment on or about September 14, 2022, Plaintiff's flat hourly rate was $17.00.

18. Throughout the relevant time period, Plaintiff worked substantial hours in excess of 40 per week. For the majority of Plaintiff's employment, Defendants scheduled her to work, and Plaintiff did work, approximately 48 hours per week. However, from approximately February 2021 through August 2021, Plaintiff was scheduled to work, and did work, approximately 52 hours per week.

19. On information and belief, Defendants possess records of the time worked by Plaintiff, including weekly timesheets that Plaintiff was required to submit. Further, for an approximately 7-month period in 2021, Plaintiff tracked her time using the "Rosemark" application, as directed by Defendants.

20. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because Defendants had actual knowledge of Plaintiff's work hours, which hours Defendants used to determine what Plaintiff was to be paid. Further, Defendants were responsible for setting Plaintiff's weekly schedule throughout the relevant time period.

21.     Additionally, Defendants had actual knowledge that Plaintiff was working substantial hours in excess of 40 per workweek because Plaintiff complained about not receiving overtime pay for those hours in June 2022 in a text message that she sent to Defendant Kehou.

22.     In response to Plaintiff's June 2022 text message, Defendant Kehou called Plaintiff, stating that Plaintiff was not entitled to overtime pay because she was a 1099 worker.

23.     Further, Defendant Kehou stated that, if it was an issue that Plaintiff was working in excess of 40 hours per week, Defendants could reduce Plaintiff's scheduled hours.

24.     Defendants did not compensate Plaintiff for all time worked in excess of 40 per week at the rate required by the FLSA, which is one-and-one-half her regular rate of pay.

25.     Defendants' failure to pay Plaintiff one-and-one-half her regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice of minimizing labor costs by violating the FLSA.

26.     Defendants' FLSA violations were willful and not in good faith.

## COUNT I
## Willful Failure Pay Overtime Wages in Violation of the FLSA

27. Defendants violated the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half her regular rate of pay for all time worked in excess of 40 per week.

28. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

29. Defendants are governed by and subject to 29 U.S.C. § 207.

30. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

31. At all relevant times, Defendants employed Plaintiff in domestic service, as defined in 29 U.S.C. § 207(l).

32. At all relevant times, Defendants were third-party employers within the meaning of 29 C.F.R. § 552.109.

33. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

34. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

35. Throughout the relevant time period, Plaintiff regularly worked substantial hours in excess of 40 hours per week.

36. Specifically, for the majority of Plaintiff's employment, Defendants scheduled her to work, and Plaintiff did work, approximately 48 hours per week.

37. In addition, for a roughly seven-month period in 2021, Defendants scheduled Plaintiff to work, and Plaintiff did work, approximately 52 hours per week.

38. As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half her regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

40. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

41. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants (a) all unpaid overtime wages during the relevant time period, (b) an additional and equal amount as liquidated damages, (c) interest, and (d) reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and seeks the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of all unpaid overtime compensation due under the FLSA to Plaintiff;

d) An award of liquidated damages as a result of Defendants' failure to pay overtime wages to Plaintiff;

e) An award of post-judgment interest;

f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 18th day of October 2022.

*/s/ Michael D. Forrest*
Michael David Forrest
Georgia Bar No. 974300
Justin M. Scott
Georgia Bar No. 557463
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, Georgia 30030

Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com
mforrest@scottemploymentlaw.com

Counsel for Plaintiff